# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING, COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 11-00091-CV-W-FJG |
| J & K FUTURES, INC. | ) ) | |
| Defendant. | ) ) | |

## ORDER

### DEFAULT JUDGMENT ORDERING A PERMANENT INJUNCTION AND ANCILLARY EQUITABLE RELIEF AGAINST DEFENDANT J&K

On January 26, 2011, Plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Commission") filed its Complaint for Permanent Injunction, Civil Monetary Penalties and Other Equitable Relief ("Complaint") in this matter alleging, *inter alia*, violations of Section 2(c)(2)(C)(iii)(I)(aa) of the Commodity Exchange Act ("Act"), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), and Commission Regulation ("Regulation") 5.3(a)(6)(I), 17 C.F.R. § 5.3(a)(6)(I) (2011). (Doc. #1). The Complaint sought, *inter alia*, injunctive relief and civil monetary penalties on the basis that J&K was acting as an unregistered retail foreign exchange dealer ("RFED") when it solicited or accepted orders from non-eligible contract participants ("non-ECPs") in connection with off-exchange margined or leveraged foreign currency

("forex") transactions. (Doc. #1). The same day, the CFTC moved separately for injunctive relief. (Docs. #3, #4). On May 13, 2011, service was made on J&K, pursuant to Fed. R. Civ. P. 4, by delivering personally a copy of the summons and Complaint to one of its officers/managers/principals, Mr. Ill K. Kang. (Doc. # 8). Service of the CFTC's Motion for Preliminary Injunction was also made in that same manner on the same day. (Doc. # 8).

J&K's answer or other responsive pleadings to the CFTC's Complaint were due on or before June 3, 2011. J&K failed to file an answer or otherwise defend this action within the time permitted by Fed. R. Civ. P. 12(a)(1). On June 14, 2011, the CFTC, pursuant to Fed. R. Civ. P. 55(a), served and filed its Motion for Clerk's Entry of Default Against J&K. (Doc. # 9). On June 24, 2011, the Court entered an order directing J&K to explain in writing, on or before July 11, 2011, why it failed to file a timely response to the CFTC's Complaint. (Doc. #10). J&K failed to respond to either the CFTC's Complaint or to the Court's June 24, 2011 order.

The CFTC has submitted its Application for Entry of Default Judgment, Permanent Injunction and Ancillary Equitable Relief Against J&K ("Application") pursuant to Fed. R. Civ. P. 55(b)(2). The Court has considered carefully the Complaint, the allegations of which are well-pleaded and hereby taken as true, the Application, and all oppositions thereto, and being fully advised in the premises hereby

**GRANTS** the CFTC's Application and enters the following findings of fact and conclusions of law finding J&K liable as to all violations as alleged in the Complaint. Accordingly, the Court now issues the following Order for Entry of Default Judgment, Permanent Injunction, and Ancillary Relief Against J&K ("Order"), which determines that

J&K has violated Section 2(c)(2)(C)(iii)(I)(aa) of the Act and Regulation 5.3(a)(6)(I), 17 C.F.R. § 5.3(a)(6)(I) (2011).

## FINDINGS OF FACT

**A. Parties**

1. Plaintiff **Commodity Futures Trading Commission** is an independent federal regulatory agency charged by Congress with the administration and enforcement of the Act, as amended, to be codified at 7 U.S.C. §§ 1 *et seq.*, and the Regulations thereunder, 17 C.F.R. §§ 1.1 *et seq.* (2011). The CFTC maintains an office in this District at Two Emanuel Cleaver II Boulevard, Suite 300, Kansas City, MO 64112.

2. Defendant **J&K Futures, Inc.** is a New York corporation with purported offices at 3435 Wilshire Blvd., Suite 1850, Los Angeles, CA 90010, 44 Wall Street, 13th Floor, New York, NY 10005 and 809 Lexington Avenue, New York, NY 10021.

**B. Statutory and Regulatory Background**

3. Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, specifically states that:

> A person, unless registered in such capacity as the Commission by rule, regulation, or order shall determine . . ., shall not— (aa) solicit or accept orders from any person that is not an eligible contract participant in connection with agreements, contracts, or transactions described in clause (I) of this subparagraph entered into with or to be entered into with a person who is not described in item (aa), (bb), (dd), (ee), or (ff) of subparagraph (B)(i)(II).

4. The transactions referred to include leveraged or margined forex transactions conducted with non-ECPs at an RFED. These transactions do not result in actual delivery of the traded foreign currency within two days or create an enforceable

3

obligation to deliver the foreign currency.  *See* Section 2(c)(2)(C)(i)(II) of the Act, as amended by the CRA.

5.  An Eligible Contract Participant ("ECP") is defined by the Act, in relevant part, as an individual with total assets in excess of (i) $10 million, or (ii) $5 million and who enters the transaction "to manage the risk associated with an asset owned or liability incurred, or reasonably likely to be owned or incurred, by the individual."  *See* Section 1a(12)(A)(xi) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 1a(12)(A)(xi).

6.  On October 18, 2010, the Commission enacted new regulations implementing certain provisions of Dodd-Frank and the CRA.  For the purposes of forex transactions, the new regulations, among other things, require RFEDs to register with the CFTC.

7.  For the purposes of Part 5 of the Regulations, an RFED is defined in Regulation 5.1(h)(1), 17 C.F.R. § 5.1(h)(1) (2011), as any person that is, or offers to be, the counterparty to a retail forex transaction, except for a person described in sub-paragraph (aa), (bb), (cc)(AA), (dd), (ee), or (ff) of Section 2(c)(2)(B)(i)(II) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(B)(i)(II).  These exceptions pertain to certain United States financial institutions, brokers and dealers registered under the Securities Exchange Act and associated persons thereof, futures commission merchants and affiliated persons thereof, financial holding companies, and RFEDs registered with the Commission.

8.  Pursuant to Regulation 5.3(a)(6)(i), 17 C.F.R. § 5.3(a)(6)(i) (2011), in connection with forex transactions, all RFEDs must be registered with the Commission as of October 18, 2010.

4

**C. J&K**

9. J&K has never been registered with the CFTC in any capacity.

10. Nonetheless, after October 18, 2010, J&K, through its web site, http://www.jkfutures.us/, has solicited or accepted orders for off-exchange leveraged forex transactions from members of the general public who are not ECPs (including non-ECPs found within this District).

11. More specifically, J&K has solicited non-ECPs to:

    a) Open forex trading accounts with J&K;

    b) Download J&K's proprietary trading software which allows non-ECPs "immediate access to the [forex] markets;" and

    c) Deposit funds with J&K Futures, Inc. in order to trade forex.

12. Further, J&K acts as an RFED when it offers to be the counterparty to retail forex transactions with members of the public. J&K specifically states in its customer agreement available on its website that "J&K Futures, Inc. is authorized to act as counterparty. . . ."

13. The forex transactions that J&K engages in neither result in delivery within two days nor create an enforceable obligation to deliver between a seller and a buyer who have the ability to deliver and accept delivery, respectively, in connection with their lines of business. *See* Section 2(c)(2)(C)(i)(II) of the Act, as amended by the CRA, to be codified at 7 U.S.C.§ 2(c)(2)(C)(i)(II). Rather, these forex contracts remain open from day to day and ultimately are offset without anyone making or taking delivery of actual currency (or facing an obligation to do so).

14. As of the date of this Order, J&K has not registered with the CFTC.

15. Furthermore, J&K is not one of the persons exempt from registration under Section 2(c)(2)(C), as amended by the CRA (a financial institution, registered broker or dealer, insurance company, financial holding company, or investment bank holding company) or excluded from the definition of RFED under Regulation 5.1(h)(1), 17 C.F.R. § 5.1(h)(1) (2011),(a financial institution, registered broker or dealer, futures commission merchant, financial holding company, or investment bank holding company).

16. Moreover, J&K acted as an RFED, as defined in Regulation 5.1(h)(1), 17 C.F.R. § 5.1(h)(1) (2011).

## **CONCLUSIONS OF LAW**

17. Fed. R. Civ. P. 55(b)(2) provides that judgment by default may be entered by a district court. The grant or denial of a motion for default judgment lies within the district court's sound discretion. Federal Trade Comm. v. Packers Brand Meats, Inc., 562 F.2d 9, 10 (8th Cir. 1977). Further, if a district court determines that a defendant is in default, then the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. See Fed. R. Civ. P. 8(b) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); Pope v. United States, 323 U.S. 1, 12 (1944) (stating that it is "an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and give judgment"); Benny v. Pipes, 799 F.2d 489, 495 (9th Cir. 1986) (providing that well-pleaded allegations are taken as admitted on default

judgment).

18. Given the procedural posture of this case and based upon the evidence before the Court, the allegations in the Complaint against J&K should be taken as true for purposes of the CFTC's Application and a default judgment should be entered against J&K.

**Jurisdiction and Venue**

19. Section 6c(a) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 13a-1(a), authorizes the Commission to seek injunctive relief against any person whenever it shall appear to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of the Act or any rule, regulation, or order thereunder.

20. The Commission has jurisdiction over the conduct and transactions at issue in this case pursuant to Sections 2(c)(2) and 6c of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 2(c)(2) and 13a-1.

21. Venue properly lies with the Court pursuant to Section 6c(e) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 13a-1(e), because Defendant transacts business in this District and certain transactions, acts, practices, and courses of business alleged in this Complaint occurred, are occurring, and/or are about to occur within this District.

**B. J&K Violated Section 2(c)(2)(C)(iii)(I)(aa) of the Act as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa)**

22. J&K violated Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 2(c)(2)(C)(iii)(I)(aa) by soliciting and taking orders from non-ECPs in

7

connection with forex transactions at an RFED without being properly registered.

23. The transactions referred to are leveraged or margined off-exchange forex transactions conducted with non-ECPs at an RFED. These transactions do not result in actual delivery of the traded foreign currency within two days or create an enforceable obligation to deliver the foreign currency. *See* Section 2(c)(2)(C)(i)(II), as amended by the CRA, to be codified at 2(c)(2)(C)(iii)(I)(aa).

24. J&K solicits and enters into leveraged or margined forex transactions with non-ECPs that do not involve actual delivery of foreign currency or any obligation to do so. The transactions (*i.e.*, the buying and selling of foreign currency pairs) will occur between the non-ECPs and J&K. In other words, J&K is soliciting and entering into orders with non-ECPs on its own behalf. According to the information on its website, as well as information that is available from the applicable regulatory bodies, J&K is not one of the persons exempt from Section 2(c)(2)(C), as amended by the Act, to be codified at 2(c)(2)(C)(iii)(I)(aa) (*i.e.*, a financial institution, registered broker-dealer, insurance company, financial holding company, or investment bank holding company).

25. J&K violated Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), by soliciting and taking orders from non-ECPs in connection with forex transactions at an RFED without being properly registered.

**C.     J&K Violated Regulation 5.3(a)(6)(I), 17 C.F.R. § 5.3(a)(6)(I)**

26. Regulation 5.3(a)(6)(I), 17 C.F.R. § 5.3(a)(6)(I), provides that it is unlawful for any RFED to operate as such without registering with the Commission.

8

27. J&K violated Regulation 5.3(a)(6)(I), 17 C.F.R. § 5.3(a)(6)(I), by operating as an RFED without properly registering.

**ORDER FOR PERMANENT INJUNCTION AND ANCILLARY RELIEF**

28. The Commission has shown that J&K has engaged, is engaging, and is about to engage in acts and practices which violate Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), and Regulation 5.3(a)(6)(I), 17 C.F.R. § 5.3(a)(6)(I) (2011). Notwithstanding its default, the totality of the circumstances establish that, unless restrained and enjoined by this Court, there is a reasonable likelihood that J&K will continue to engage in the acts and practices alleged in the Complaint and in similar acts and practices in violation of the Act, as amended by the CRA, and the Regulations. In addition, the imposition of other ancillary equitable relief is required to comply with the basic objectives of the Act, as amended by the CRA, and the Regulations. Furthermore, the nature of J&K's violations and the need to deter others from committing similar violations of the Act, as amended by the CRA, and Regulations warrants the imposition of a civil monetary penalty.

**IT IS HEREBY ORDERED THAT:**

29. Defendant, J&K, has violated Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa) and Regulation 5.3(a)(6)(I), 17 C.F.R. § 5.3(a)(6)(I) (2011). Therefore, judgment shall be and hereby is entered in favor of the Plaintiff, U.S. Commodity Futures Trading Commission, and against Defendant J&K as follows**:**

    **A. Permanent Prohibition on Violations of Section 2(c)(2)(C)(iii)(I)(aa) of the**

**Act and Regulation 5.3(a)(6)(I)**

30. J&K, all persons and entities insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of J&K, and all persons and entities insofar as they are acting in concert or participation with J&K who receive actual notice of this order by personal service or otherwise, shall be permanently prohibited, enjoined and restrained from directly or indirectly:

   a. engaging in any conduct in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), including, but not limited to, soliciting or accepting orders from any person that is not an ECP in connection with forex transactions; and

   b. engaging in any conduct in violation of Regulation 5.3(a)(6)(I), 17 C.F.R. § 5.3(a)(6)(I), including, but not limited to, offering to be the counterparty to its customers' forex transactions.

**B. Removal of Website**

31. J&K, all persons and entities insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of J&K, and all persons and entities insofar as they are acting in concert or participation with J&K who receive actual notice of this order by personal service or otherwise, shall remove or cause to be removed from the Internet all webpages posted or authorized by them to be posted in which they solicit or accept orders or accounts from non-ECPs in connection with forex transactions or offer to be the counterparty to customers' forex transactions whether through http://www.jkfutures.us/, the Uniform Resource Locater ("URL") associated with such domain name, and/or any other domain name or URL created, operated, hosted and/or authorized by J&K, in whole or in part. This includes, but is not limited to,

submitting a removal request of the domain name(s) associated with the aforementioned conduct and corresponding URL(s) to the appropriate web-host provider and/or domain registration company.

32. Any person or entity providing web-hosting or domain name registration services in the United States for any website, domain name or affiliated URL under the ownership of J&K, in whole or in part, which J&K uses to solicit or accept orders or accounts from non-ECPs in connection with forex transactions at J&K or to offer to be the counterparty to customers' forex transactions, including, but not limited to, http://www.jkfutures.us/, the URL associated with such domain name, and/or any other domain name or URL created, operated, hosted and/or authorized by J&K, in whole or in part, who receives actual notice of this Order by personal service or otherwise shall:

    a. remove or cause to be removed from the Internet all webpages, within their control, which are posted or authorized or to be posted or authorized by J&K or any persons and entities insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of J&K, in which J&K: 1) solicits or accepts orders or accounts from non-ECPs in connection with forex transactions at J&K; or 2) offers to be the counterparty to customers' forex transactions;

    b. preserve all documents related to any website operated, in whole or in part, under the name J&K, as well as any website that is substantially identical in appearance to that website; and

    c. immediately notify counsel for the CFTC of any other web page or website operated or controlled by or on behalf of J&K.

**C. Trading, Solicitation and Registration Prohibition**

J&K, all persons and entities insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of J&K, and all persons and entities insofar as they are acting in concert or participation with J&K who receive actual

notice of this order by personal service or otherwise, shall be permanently prohibited, enjoined and restrained from directly or indirectly:

- a. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 1a);

- b. entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1) (2011)) ("commodity options"), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts"), for their own personal account or for any account in which they have a direct or indirect interest;

- c. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts;

- d. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts;

- e. applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2011); and

- f. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2010)), agent, or any other officer or employee of any person registered, exempted from registration or required to be registered with the CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2011).

### D. Civil Monetary Penalty

34. J&K shall pay to the Commission a civil monetary penalty of $280,000, plus post-judgment interest.

35. Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on that day, pursuant

to 28 U.S.C. § 1961(a).

36. J&K shall pay the civil monetary penalty by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. Unless the payment is made by electronic funds transfer, it shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement
> Attn: Linda Zurhorst
> DOT/FAA/MMAC
> 6500 S. MacArthur Blvd.
> Oklahoma City, OK 73169
> Telephone: (405) 954-6569

37. If J&K chooses to make the payment by electronic funds transfer, it shall contact Linda Zurhorst or her successor at the above address to receive payment instructions and shall fully comply with those instructions. J&K shall submit its payment with a cover letter that identifies it and the name and docket number of this proceeding. Copies of the cover letter and the form of payment shall be simultaneously transmitted to: David Meister, Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581 and Chief, Office of Cooperative Enforcement, Division of Enforcement, at the same address.

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, e-mail, United Parcel Service and Federal Express, upon J&K or any other entity or person that may be subject to any provision of this Order. Jennifer J. Chapin, Jeffery C. Le Riche, Stephen Turley, Joyce Brandt and all employees of the CFTC are hereby specially appointed to serve process, including

this Order and all other papers in this cause.

**IT IS FURTHER ORDERED** that all pleadings, correspondence, notices or other materials required by this Order shall be sent to Jennifer J. Chapin, Senior Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 4900 Main Street, Suite 500, Kansas City, MO 64112.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this cause to assure compliance with this Order and for all other purposes related to this action.

**Miscellaneous Provisions**

Partial Payments:  Any acceptance by the CFTC of partial payment of the civil monetary penalty obligation shall not be deemed to be a waiver of the respective requirement of Defendants to make further payments pursuant to this Order, or a waiver of the CFTC's right to seek to compel payment of any remaining balance.

Equitable Relief: The equitable relief provisions of this Order shall be binding upon J&K and any person who is acting in the capacity of agent, employee, servant, or attorney of J&K, and any person acting in active concert or participation with J&K, who receives actual notice of this Order by personal service or otherwise.

Costs and Fees:  Upon application by the CFTC to this Court for its costs and fees in bringing this action, J&K will be ordered to pay costs and fees as permited by 28 U.S.C. §§ 1920 and 2412(a)(2).

Date: October 6, 2011                                    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                                    Fernando J. Gaitan, Jr.
                                                         Chief United States District Judge